Our fourth case for argument this morning is United States v. Fadden. Mr. Morris. May it please the court, Mr. Fadden obstructed justice, but he wasn't guilty of bankruptcy fraud. And the reason he wasn't guilty of bankruptcy fraud is that he didn't act with an intent to deceive. And we know that from the trial evidence because he wouldn't have been dealing with his only creditor, the IRS, outside of the bankruptcy if he had an intent to fraud. Now this court now has heard an argument that the jury was told to disregard. The jury didn't hear it in the closing argument. And for purposes of today in this appeal, it certainly didn't hear it in the theory of defense instruction. Now at the heart of the adversarial system is that two parties argue points of fact and law for the fact finder and the judge. Here the defense had a fairly typical theory of defense in fraud cases. There's usually in fraud cases, no dispute. Counsel, in what sense is this a defense? It's just a denial of the element, of one element of the charge. And the jury told, sorry, the judge told the jury that in order to convict it had to find that Fadden acted with intent. So what purpose is served by giving the same intent instruction twice? Well, first of all, that's generally true. But the fact of the matter is that the law says the defendant is entitled to a theory of defense instruction that explains or puts his point of view based on the law. I should think his lawyer puts his point of view before the jury and that a theory of something that is actually a defense as opposed to just denying an element of the charge. Well, it's denying an element of the charge based on the trial evidence. That's what a defense is. No, most defenses are affirmative defenses. Otherwise, you're just saying the prosecution didn't prove its case. And that seems to be the theory here. Prosecution did not prove its case. That's correct. Yeah, well, then what the jury needs to know is what does the prosecution have to prove beyond a reasonable doubt? Doesn't need to know anything more than that. Yes and no. And I think where I disagree is the point is that doesn't stop the defense or the defense isn't precluded from not having its presentation of why or how it doesn't prove the case. No defense lawyer would be very effective if the defense was they didn't prove their case without explaining why or how. That's probably the defense in substantial majority of all cases where the defense rests without putting on any evidence, defendant doesn't testify, and the argument to the jury is the prosecution didn't prove guilt beyond a reasonable doubt. Perfectly normal. That hasn't been my experience in federal court, but I haven't been in court for nearly as long as you have or any of the judges. But I would point out to you is that here that there was, there was a specific defense to the intent. It's just not a defense. It's just a negation of one element of the charge. Then I don't know if I'm going to be able to convince you. It might be a theory of the case. It can be both and that's certainly. Do you have any cases saying that a judge has to charge the same element in two ways, once the prosecutor's way and once the defense way? Of course not. There wouldn't be such a case. But that's what you're arguing in this case. The intent had to be charged two ways. Once as an element and once as a defense. Makes no sense to me. I disagree with that characterization. The point is, is that in other cases, which this, with which this is of course familiar, I'm not telling you anything you don't know, is that the defense is, the defense is entitled to put forward, to I guess encapsulate its take on the trial evidence and how it relates to its defense and what it's going to argue to the jury. And well, would you have been satisfied with an instruction that said, Fadden contends you should not convict him because the prosecutor failed to show intent as the law requires for conviction? No, we wouldn't have. What's wrong with that? Because it doesn't highlight the evidence or explain why, like where in the trial that our basis for it was. That's the job of closing argument. And that's, I'm glad you brought that up. It's not the judge's job in the instructions to highlight particular pieces of evidence. Of course not. But it, to the closing argument point, this, maybe there wouldn't be a claim here if the defense had been able to make its argument in closing. And after the judge declined to include the jury instruction, it represented that defense, I'm not going to include it. It represented to the defense and the government, I won't include this jury instruction, but I'll let you argue it to the jury. And then during closing, when the point was argued about the separate dealing with the IRS outside of the bankruptcy, the government objected. And the court, its curative instruction went far beyond outlining or saying this is what the trial evidence was, or this is what it wasn't. It said there's no, it told the jury there's no evidence of any such offer in this trial and you shouldn't consider it, and frankly, I don't think it's relevant. I could understand. Are you raising that as an appellate issue? No, but I think it underscores. Yeah. Why didn't you raise that as the issue rather than the absence of a duplicative intent instruction? I don't. Well, let me take back that question. You don't have to account to us for the strategy of your brief. Bad question on my part, sorry. In our view, in our view, yes, that the statement is problematic on its own, but what it does here is it underscores the jurisprudence around jury instructions is that theory of defense instructions, which is, okay, the district court may say to the parties, I'm not going to include your theory of defense instruction, because maybe this isn't the proper vehicle for it. And the district court might be forgiven for that on appeal, as long as the jury got to hear it from the defense itself. It either came in by instruction or it came in through closing argument. Here that didn't even get to happen. And that's why the objection and the district court's overly broad jurative instruction created the problems that it did here. Well, did you actually raise the fact that you weren't able to, or you made that argument, or wanted to make that argument, but that the court kept it away from the jury? That kept at what level? The payment, in closing. Oh, yeah. We raised that we didn't, I started to, excuse me, the defense just started to argue or get into this separate offer. The document itself was tossed, or the judge didn't allow it. We objected, but testimony about the sending of that document and testimony about my client's, or testimony from the 341 meeting about my client's understanding of that document that was sent to the IRS did come in. And so more limited instruction that would have said, no, you can't, there's no such document that you're going to get back there in the jury room, but you can consider the other evidence, the offer that you heard. I'll reserve my time to the extent I have any. Thank you. Mr. Moyers. Thank you. Ms. Dushman. Good morning. May it please the court. My name is Meredith Dushman, and I represent. Would you just get back to what I was talking to you about with your closing counsel? Sure.  Did that information get to the jury that there was a dealing, or that there was a contact with the IRS with regard to the payment of $65,000 or whatever it was? Well, it's a yes and no. So during the discussion of the jury instruction, the district court said, I'm not going to give the instruction, but I allow you to make the argument. Right. So the defendant makes all kinds of arguments related to intent to deceive. But there's also a separate dialogue between the court and the parties about what has been referred to differently by the parties. We refer to it as a set-off bond. The defendant refers to it as an offer and compromise. The defendant, Mr. Fadden, while his bankruptcy was pending, he, of course, collected and kept the cash that he got as an inheritance during the pendency of the bankruptcy while simultaneously lying about it to the bankruptcy trustee. So he kept the cash, but he was nice enough to send the IRS one of these tax protester-style bonds during the course of the bankruptcy when the automatic stay was in effect and when the IRS couldn't collect anything anyway. So the issue actually of this bond and what to do with this bond was actually addressed by the parties pretrial because one of the things the government was very concerned about was this is a bankruptcy fraud case. This isn't a tax evasion case. It's not a tax protester case. Mr. Fadden's tax protester beliefs are not supposed to be before the jury. We filed a motion in limine saying that anything referencing his tax protester beliefs are not supposed to be before the jury. The court granted the motion, and the defendant did not appeal that. During the course of the trial, the defendant then starts to try and introduce this notion of this set-off bond. The court goes back and forth a number of times with the defendant about what the relevance of this document is, and the court ultimately concluded, what is the point of this confusing, gibberish document that you've sent only to the IRS? It does not disclose any previously undisclosed assets. It certainly doesn't absolve you. It's not a defense to concealment of the assets during the course of the bankruptcy proceeding, and it's very confusing to the jury. I actually included it in my appendix so that we didn't have competing characterizations of the documents so that the court could see it for itself. What ended up happening is then during the course of closing argument, the defendant then tries to get into the exact contents of this offer and compromise. The court says, uh-uh, I excluded this document, and you're not to get into it. It is an erroneous characterization of the record in the government's view when you read the entire closing argument. The defendant was free to argue all he wanted, that there wasn't intent to deceive. It's just that when he got into the contents of this tax protester bond, which he calls an offer and compromise, but it's clear it's not really an offer and compromise, that the court said, nope, you're not going to get into that, and gave a cautionary instruction that the contents of that actual bond was not before the court. Well, the disclosure of an inheritance, I guess, was one of the issues, apart from what the tax protester kind of stuff was. Isn't that really what was necessary? That's exactly right. So count one was concealing assets in the bankruptcy, and count two was making material false representations on the bankruptcy schedules. What's sort of interesting about the defendant's defense is that he really never said, I didn't lie on my schedules, and he never even really said I didn't mean to lie on the schedules. I think the way that the defense went sideways here is that the defense was conflating intent to deceive and intent to defraud like we think of in other types of fraud cases where he intends to permanently deprive the creditor forever of property. That's not bankruptcy fraud law. The government cited a case, United States v. Galeen, that makes it abundantly clear that intent to deceive means intent to lie. There just simply is overwhelming evidence that the defendant intended to lie to the trustee, he intended to lie on the schedules, he continued that process of lying about his inheritance and his assets at the 341 meeting, which he doesn't even contest, and that he intended to conceal the assets. We didn't have to prove he was successful, but he actually was. He walked away with $128,000. Neither the IRS nor the trustee got it. His misrepresentations in bankruptcy in this case stalled out the case long enough for the automatic stay to prevent the IRS from collecting and from the trustee from doing his job. The defendant got to argue his defense. It just frankly didn't seem to be a very good one to the court, and ultimately the jury convicted him nonetheless. Unless the court has any other questions, I would ask the court to affirm all counts. In the event, however, this court were to reverse counts 1 and 2, we would ask the court nevertheless to affirm the conviction on count 3 since the defendant has expressly conceded he was convicted after a fair trial and that that conviction should stand. Thank you. Thank you, counsel. Anything further, Mr. Moyer? Just briefly, and I mean it. I think based on the court's questions, the most useful stuff for it in our brief will be at 28, 29, and 30 discussing the evidence in the record that we wish to and intended to argue showed that Mr. Fadden didn't act with an intent to deceive. Thank you. Thank you very much. The case is taken under advisement, and the court will take a brief recess before calling the next case. We'll hear argument now in the case of Morgan. Sorry.